UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BEVERLY ANN JULIA GAULDIN

VERSUS

QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC.

CIVIL ACTION

21-513-SDD-RLB

**RULING**

This matter is before the Court on the *Motion to Dismiss, or in the Alternative, Motion to Transfer Venue*[1] filed by Defendant, Quest Diagnostics Clinical Laboratories, Inc. ("Quest"). Plaintiff, Beverly Ann Julia Gauldin ("Gauldin"), filed an *Opposition*,[2] to which Quest filed a *Reply*.[3] For the reasons that follow, the Court finds that Quest's *Motion* shall be DENIED.

**I.    Background**

Gauldin alleges that she suffered nerve damage from an improperly executed blood draw during a visit to a Quest facility in New Orleans, Louisiana. She initially filed her suit in the 19th Judicial District Court in Baton Rouge, Louisiana,[4] but Quest properly removed the suit to this Court pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.[5] Now, Quest argues that the suit should be dismissed for improper venue, or, in the alternative, transferred pursuant to 28 U.S.C. § 1404(a) to the District Court for the Eastern District of Louisiana, contending that the relevant "factors unavoidably point to the Eastern District

---

[1] Rec. Doc. No. 2.
[2] Rec. Doc. No. 4.
[3] Rec. Doc. No. 5.
[4] *See* state court *Petition* at Rec. Doc. No. 1-2.
[5] *Notice of Removal*, Rec. Doc. No. 1.

1

of Louisiana as the more convenient forum for this lawsuit."[6] In particular, Quest points to Gauldin's allegation that she is domiciled in Orleans Parish (in the Eastern District) and that the alleged incident occurred in Orleans Parish as evidence that this suit would be better off in the Big Easy.

Gauldin counters that the federal venue statute, 28 U.S.C. § 1391, does not apply to removed actions such as this one. Instead, she urges, 28 U.S.C. § 1441(a) controls, and that provision expressly provides that "the district court of the United States for the district and division embracing the place where such action is pending" is the proper venue for a removed action. Quest appears to concede this point, abandoning the improper venue argument in its *Reply* and instead focusing solely on the factors in favor of transfer under § 1404(a). Because the Court finds that § 1441(a) is indeed the governing provision, and that venue is proper here under that provision,[7] this *Ruling* will focus solely on the arguments for and against transfer to the Eastern District under § 1404(a).

**II.   Law and Analysis**

28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In applying § 1404(a), the Court must first determine "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed."[8] The Eastern District is clearly a district

---

[6] Rec. Doc. No. 2-1, p. 5.
[7] *Taylor v. EMC Prop. & Cas. Ins. Co.,* No. 1:20-CV-01146, 2021 WL 298889, at *1 (W.D. La. Jan. 28, 2021)("'But even on the question of venue, § 1391 has no application to this case because this is a removed action. The venue of removed actions is governed by 28 U.S.C. § 1441(a)....'"); *See also* 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3726 (1985).
[8] *In re Volkswagen AG,* 371 F.3d 201, 203 (5th Cir.2004) ("*Volkswagen I* ").

in which Gauldin's claim could have been filed, since she alleges that she resides in that district and that the events giving rise to her claim occurred there.

Once this initial determination is made, the Court turn[s] to the language of § 1404(a), which speaks to the issue of "the convenience of parties and witnesses" and to the issue of "in the interest of justice." The determination of "convenience" turns on a number of private and public interest factors, none of which [is] given dispositive weight. The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.[9]

Transfer of venue under § 1404(a) is at the Court's discretion, considering "'[a]ll relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.'"[10] A plaintiff's original choice of forum is entitled to some deference, which dictates that the moving party must "demonstrate[ ] that the transferee venue is clearly more convenient."[11] But, while a plaintiff's choice of forum "should be respected" unless "the

---

[9] *Berg v. Akorn, Inc.,* No. CV 17-00350-BAJ-RLB, 2017 WL 2864852, at *2 (M.D. La. July 5, 2017)(quoting *In re Volkswagen AG*, 371 F.3d at 203).
[10] *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (quoting 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3847, at 370 (1986)).
[11] *In re Volkswagen of America, Inc.,* 545 F.3d 304, 315 (5th Cir. 2008).

transferee venue is clearly more convenient," Plaintiff's "choice of forum ... is not an independent factor within ... the § 1404(a) analysis."[12]

Quest argues that the witnesses, documents, and physical evidence are "predominately, if not wholly"[13] located in the Eastern District, such that transferring the case there would be more convenient and less costly. Neither of these arguments are persuasive. Quest does not specifically identify any witnesses who would be inconvenienced or evidence that would be unavailable if this case were tried in the Middle District, which is, as Gauldin notes, less than 100 miles from the Eastern District, making would-be witnesses subject to compulsory process. The relative proximity of the current venue and Quest's sought-after venue significantly undermines Quest's arguments regarding excess cost and inconvenience.[14] Quest also cites, without elaboration, the "local interest in having this dispute decided at home"[15] as reason to transfer to the Eastern District.

Quest classifies the COVID-19 pandemic as a public interest factor in favor of transfer to the Eastern District, arguing that "diverting witnesses from their important work battling the pandemic to travel out-of-District for the needs of this case should be avoided."[16] The only witnesses Quest identifies apart from the Plaintiff are a phlebotomist and the phlebotomist's supervisor. Although Quest performs COVID testing, the Court

---

[12] *Id.* at 314 n.10, 315.
[13] Rec. Doc. No. 2-1, p. 5.
[14] *See In re Volkswagen AG*, 371 F.3d 201, 204–05 (5th Cir. 2004)("When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled. . . the task of scheduling fact witnesses so as to minimize the time when they are removed from their regular work or home responsibilities gets increasingly difficult and complicated when the travel time from their home or work site to the court facility is five or six hours one-way as opposed to 30 minutes or an hour").
[15] *Id*. p. 6.
[16] Rec. Doc. No. 5, p. 4.

fails to see how these phlebotomists, specifically, are engaged in "battling the pandemic"[17] and how, in the event of a potential trial, their brief absence would threaten public health, especially since the Louisiana Department of Health currently lists the level of COVID-19 in Orleans Parish as "low"[18] and Johns Hopkins University's Coronavirus Research Center currently reports only 4.5 new cases per 100,000 people per day in Orleans Parish.[19] Overall, the Court finds that neither the public nor private interest factors favor a transfer to the Eastern District. Accordingly, Quest's *Motion* shall be DENIED.

I.  **CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that Quest's *Motion to Dismiss, or in the Alternative, Motion to Transfer Venue*[20] is DENIED.

Signed in Baton Rouge, Louisiana, this 30th day of March, 2022.

_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[17] Rec. Doc. No. 5, p. 4.
[18] https://ldh.la.gov/Coronavirus/.
[19] https://coronavirus.jhu.edu/region/us/louisiana.
[20] Rec. Doc. No. 2.